**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

No. 21-4012

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ERNEST L. MOORE,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:09-cr-00353-HEH-1)

—————————

Submitted:  September 29, 2022             Decided:  February 1, 2023

—————————

Before KING, DIAZ, and RUSHING, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Robert J. Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Raj Parekh, Acting United States Attorney, Daniel T. Young, Assistant United States Attorney, Alexandria, Virginia, Heather Hart Mansfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest L. Moore was convicted in 2010 of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2009), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 144 months' imprisonment, followed by a five-year term of supervised release. Moore now appeals the district court's order revoking his supervised release and imposing a sentence of 36 months' imprisonment, with no additional supervision to follow. On appeal, Moore argues that his 36-month revocation sentence exceeds the 24-month statutory maximum term of imprisonment now applicable to his controlled substance offense in light of changes in the law pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which modified the relevant maximum term of imprisonment. We affirm.

As an initial matter, we exercise our discretion to excuse Moore's abandonment of this issue when he argued before the district court that 24 months was not the statutory mandatory maximum sentence in his case, thus disclaiming his appellate argument. *See Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 271-72 (4th Cir. 2019) (en banc) (identifying relevant equitable factors). We therefore review his claim for plain error. *See United States v. Olano*, 507 U.S. 725, 731 (1993). To prevail under the plain error standard, Moore "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

We conclude that Moore does not satisfy the plain error standard. With respect to the First Step Act, we have previously held that a "revocation sentence is a component of [an] underlying original sentence for [a] drug conviction." *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). A defendant "serving a term of imprisonment for revocation of supervised release whose original, underlying conviction was for a 'covered offense'" may accordingly move for a sentence reduction pursuant to the First Step Act. *Id.* However, nothing in the statute or binding case law indicates that the district court must sua sponte consider such relief in a revocation proceeding when the defendant has not filed a motion seeking a reduction under the First Step Act. Thus, even assuming the First Step Act authorized the court to grant relief, the court's failure to do so sua sponte was not plainly erroneous. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (stating that error qualifies as plain if it is "clear or obvious at the time of appellate consideration" and that clear or obvious error is present "if the settled law of the Supreme Court or this circuit establishes that an error has occurred" (cleaned up)). Moore has not shown that the alleged error is plain for purposes of plain error review. Accordingly, he is not entitled to relief under the plain error standard.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*